**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | |
|---|---|
| IN RE: | Case No:  **13-10221-RLJ-13** |
| **Earl Barton Green** | DATED:  **9/6/2013** |
| | Chapter:  **13** |
| Debtor(s) | EIN: |
| Attorney Phone No:  **(940) 723-0099** | Judge:  **Robert L. Jones** |

**DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION**
**SECTION I**
**DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS**
**FORM REVISED 12-15-07**

This Plan contains non-standard provisions in Section IV (last page):     ☑ yes     ☐ no

**A. DEBTOR PAYMENTS**     DEBTOR(S) PROPOSES TO PAY TO THE TRUSTEE THE SUM OF:

MONTHS 1 TO 36          $199.00   PER MONTH

FOR A TOTAL OF     **$7,164.00**     ("BASE AMOUNT").

FIRST PAYMENT IS DUE     **9/29/2013**     .

THE ESTIMATED UNSECURED CREDITORS POOL IS     **$0.00**     calculated as:     **$0.00**     (Disposable income per § 1325(b)(2)) x     **36 months**     (Applicable Commitment Period per § 1325(b)(4)), but not less than Debtor's equity in non-exempt property:     **$0.00**     pursuant to § 1325(a)(4).

**B. ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:**  Total filing fees paid through the plan, if any, are     **$0.00**     and shall be paid in full prior to disbursements to any other creditor.

2. **TRUSTEE FEES AND NOTICING FEES:**  Trustee fees and any noticing fees shall be paid first out of each disbursement and as provided in General Order 2007-02.

3. **DOMESTIC SUPPORT OBLIGATIONS:**  Prior to discharge, Debtor will pay all post-petition Domestic Support Obligations (as defined in § 101(14A)) directly to the holder(s) of such obligation(s), unless payment through the Plan as hereinafter provided is agreed to in writing by the respective holder(s) of the claim(s) or their agent(s).  Pre-petition Domestic Support Obligations per Schedule "E" shall be paid the following monthly payments as a priority creditor:

| DSO CLAIMANT(S) | SCHEDULED AMOUNT(S) | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|
| | | | |

**C. ATTORNEY FEES:**  TO     **Monte J. White & Associates, P.C.**     , TOTAL:   **$3,500.00**   ; **$344.00**   PRE-PETITION;   **$3,156.00**   THROUGH TRUSTEE.  PRE-CONFIRMATION PAYMENTS TO DEBTOR'S ATTORNEY WILL BE PER THE AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS.  POST-CONFIRMATION PAYMENTS TO DEBTOR'S ATTORNEY WILL BE MADE FROM FUNDS REMAINING AFTER PAYMENT OF ADMINISTRATIVE CLAIMS AS PROVIDED ABOVE ('B') AND EACH SPECIFIED MONTHLY PLAN PAYMENT TO SECURED CREDITORS ('D' AND/OR 'E' BELOW) BEFORE ANY PAYMENT TO PRIORITY CREDITORS ('H' BELOW)  OR UNSECURED CREDITORS ('I' AND 'J' BELOW).

**D. HOME MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| **21st Mtg** | **$828.00** | | **7.55%** | **Month(s) 2-28** | **$33.66** |

If pursuant to this Plan, the Debtor pays through the Trustee the Allowed pre-petition Home Mortgage Arrearage Claim Amount to any Mortgagee identified in paragraph "D" or its assignee(s), while timely making all required post-petition mortgage payments, upon discharge, the mortgage will be reinstated according to its original terms, extinguishing any right of the Mortgagee or its assignee(s) to recover any amount alleged to have arisen prior to the filing of the petition.

Case No:     13-10221-RLJ-13
Debtor(s):   **Earl Barton Green**

___

**E.(1)  SECURED 1325(a)(5)(A) or (B) CLAIMS--PAID BY THE TRUSTEE**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

**E.(2)(a)  SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE--NO CRAM DOWN:**

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**E.(2)(b)  SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE--CRAM DOWN:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

*TO THE EXTENT THE VALUE AMOUNT IN E.(2)(b) IS LESS THAN THE SCHEDULED AMOUNT IN E.(2)(b), THE CREDITOR SHALL HAVE THE OPTION OF REQUIRING THE DEBTOR TO SURRENDER THE COLLATERAL BY OBJECTING TO THE PROPOSED TREATMENT.*

*IN THE EVENT THAT A CREDITOR OBJECTS TO THE TREATMENT PROPOSED IN PARAGRAPH E.(2)(b) THE DEBTOR RETAINS THE RIGHT TO SURRENDER THE COLLATERAL TO THE CREDITOR.  IF THE DEBTOR ELECTS TO SURRENDER THE COLLATERAL, THEN THE AUTOMATIC STAY WILL BE TERMINATED AS TO SUCH COLLATERAL UPON ENTRY OF THE ORDER CONFIRMING THE PLAN, UNLESS OTHERWISE ORDERED BY THE COURT.*

*ABSENT SUCH OBJECTION, THE CREDITOR(S) LISTED IN "E.(2)(b)" SHALL BE DEEMED TO HAVE "ACCEPTED" THE PLAN PER SECTION 1325(a)(5)(A) OF THE BANKRUPTCY CODE AND WAIVED THEIR RIGHTS UNDER SECTION 1325(a)(9).*

*THE VALUATION FOR SCHEDULED CLAIMS IN E(1) AND E(2)(b) WILL BE DETERMINED AT CONFIRMATION.  THE INTEREST RATE TO BE PAID ON THE SCHEDULED CLAIMS IN E(1), E(2)(a) AND E(2)(b) WILL ALSO BE DETERMINED AT CONFIRMATION.  THE SCHEDULED AMOUNT MAY BE ADJUSTED BASED ON A TIMELY FILED PROOF OF CLAIM AND THE TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC".)*

*EXCEPT FOR "VALUATION" AND "INTEREST RATE," CONFIRMATION HEREOF SHALL BE WITHOUT PREJUDICE TO THE DEBTOR'S, THE TRUSTEE'S, OR ANY SECURED CREDITOR'S RIGHT TO A LATER DETERMINATION OF THE ALLOWED AMOUNT OF ANY CREDITOR'S SECURED CLAIM.  TO THE EXTENT SUCH CLAIM IS ALLOWED FOR AN AMOUNT GREATER OR LESSER THAN THE "SCHEDULED AMOUNT" PROVIDED FOR ABOVE, AFTER THE TRCC IS FINAL, DEBTOR WILL MODIFY THE PLAN TO FULLY PROVIDE FOR SUCH ALLOWED SECURED CLAIM.*

*DISBURSEMENTS TO CREDITORS LISTED IN E(2)(a) SHALL BE CALCULATED USING THE SCHEDULED AMOUNT OR THE ALLOWED CLAIM AMOUNT WITHOUT CONSIDERATION OF VALUE.*

**F.   SECURED CREDITORS--COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

The Automatic Stay will terminate as to Collateral listed in this paragraph F. upon filing hereof but nothing in this Plan shall be deemed to abrogate any applicable non-bankruptcy law contract rights of the Debtor(s).

**G.   SECURED CREDITORS--PAID DIRECT BY DEBTOR**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| **21st Mtg**<br>4013 Santa Barbara Dr. Abilene, TX 79601 | $46,168.00 | $47,000.00 | |
| **Taylor Co. Central Appraisal District**<br>4013 Santa Barbara Drive, Abilene, Texas | $759.33 | $47,000.00 | |

- 2 -

Case No:   13-10221-RLJ-13
Debtor(s):   **Earl Barton Green**

H.  **PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|

I.  **SPECIAL CLASS:**

| CREDITOR / JUSTIFICATION | SCHED. AMT. | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|

J.  **UNSECURED CREDITORS**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| Abilene Diagnostic Clinic | $323.03 | |
| Abilene Minor Emergency Clinic | $116.00 | |
| Abilene Regional Medical Center | $26.51 | |
| Ace Cash Express, Inc. | $197.38 | |
| Ad Astra Rec | $1,316.00 | |
| Allen M. Rosenthal | $100.00 | |
| Associates Commercial | $44,477.00 | |
| Captial One | $1.00 | |
| Carl E. Oberheim | $600.00 | |
| Cash Net USA | $800.00 | |
| Check-N-Go | $342.32 | |
| Cingular Wireless | $100.00 | |
| Citi Capital | $9,036.21 | |
| CitiCapital Commercial Corporation | $1.00 | |
| Citifinancial | $828.86 | |
| Citifinancial | $643.47 | |
| City of Abilene Water Utility Service | $74.40 | |
| Clinical Pathology Associates | $8.00 | |
| Conseco Finance Servicing Corp. | $1,142.07 | |
| Department of Transportation | $328.12 | |
| Direct TV | $196.86 | |
| ER Solutions, Inc. | $40.00 | |
| FedEx | $27.30 | |
| First American Bank Texs | $323.53 | |
| First National Bank - Killeen | $63.00 | |
| First Premier Bank | $198.00 | |
| GC Services Limited Partnership | $250.00 | |
| Great Sky Cash | $500.00 | |
| Hei Car, Inc | $1,798.00 | |
| Hendrick Health System | $50.00 | |
| Hendrick Medical Center | $62.00 | |
| Hsbc Nv | $661.92 | |
| ISF Texas LLC | $500.00 | |
| Johnson & Silver, LLP | $10.00 | |
| Kansas Counselors Of K | $93.00 | |
| Larry Hanna & Associates | $1.00 | |

Case No:     13-10221-RLJ-13
Debtor(s):   **Earl Barton Green**

| | |
|---|---:|
| **LaSalle Bank** | $20,659.08 |
| **Little Loan Shop** | $175.00 |
| **Loan Point** | $700.00 |
| **Loan Point USA** | $700.00 |
| **Loan Shop** | $300.00 |
| **Medical Debt Management, Inc.** | $52.19 |
| **Medical Revenue Services** | $26.51 |
| **NCP Finance Limited Partnership** | $1,500.00 |
| **NCS Corp** | $3,671.82 |
| **Orchard Bank** | $453.63 |
| **Payday Loan** | $175.00 |
| **PrePass** | $89.92 |
| **Radiology Assoicates of Abilene** | $8.00 |
| **Reader's Digest** | $17.98 |
| **SBC** | $142.28 |
| **Security Fianance I, LTD.** | $466.20 |
| **Southwestern Bell** | $186.00 |
| **Speedy Cash** | $124.46 |
| **Sprint** | $500.00 |
| **Stone and Asscociates** | $8,906.00 |
| **Texas Loan Corporation** | $700.00 |
| **Texas Midwest EM Physicians** | $68.08 |
| **The Cash Store** | $1,585.00 |
| **TRS Recovery Services, Inc.** | $1,197.02 |
| **Txu Electric/TXU Energy** | $991.00 |
| **United Cash Loans** | $300.00 |
| **Verizon Wireless** | $646.75 |
| **Viva Lemons** | $3,661.87 |
| **WTU Retail Energy** | $1,520.87 |
| TOTAL SCHEDULED UNSECURED: | $114,760.64 |

UNSECURED CREDITORS ARE NOT GUARANTEED A DIVIDEND WHEN A PLAN IS CONFIRMED, SEE GENERAL ORDER 2007-02.  ALLOWED GENERAL UNSECURED CLAIMS MAY RECEIVE A PRO-RATA SHARE OF THE UNSECURED CREDITORS' POOL, BUT NOT LESS THAN THE SECTION 1325(a)(4) AMOUNT SHOWN IN SECTION I "A" ABOVE LESS ALLOWED ADMINISTRATIVE AND PRIORITY CLAIMS, AFTER THE TRCC BECOMES FINAL.  A PROOF OF CLAIM MUST BE TIMELY FILED TO BE ALLOWED.

**K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|
| | | | | |

Case No:     13-10221-RLJ-13
Debtor(s):   **Earl Barton Green**

___

**L.   CLAIMS TO BE PAID:**

'TERM (APPROXIMATE)' SHOWN HEREIN GIVES THE ESTIMATED NUMBER OF MONTHS FROM THE PETITION DATE REQUIRED TO FULLY PAY THE  ALLOWED CLAIM.   IF ADEQUATE PROTECTION PAYMENTS HAVE BEEN AUTHORIZED AND MADE, THEY WILL BE APPLIED TO PRINCIPAL AS TO  UNDER-SECURED  CLAIMS AND ALLOCATED BETWEEN INTEREST AND PRINCIPAL AS TO  OVER-SECURED   CLAIMS.   PAYMENT PURSUANT TO THIS PLAN WILL ONLY BE MADE TO SECURED, ADMINISTRATIVE, PRIORITY AND UNSECURED CLAIMS THAT HAVE BEEN ALLOWED OR THAT THE DEBTOR HAS AUTHORIZED IN AN ADEQUATE PROTECTION AUTHORIZATION.   GENERAL UNSECURED CLAIMS WILL NOT RECEIVE ANY PAYMENT UNTIL AFTER THE TRCC BECOMES FINAL.

THE "SCHED. AMT." SHOWN IN THIS PLAN SHALL NOT DETERMINE THE "ALLOWED AMOUNT" OF ANY CLAIM.

**M.   ADDITIONAL PLAN PROVISIONS:**

SEE SECTION IV ON LAST PAGE FOR ADDITIONAL PLAN PROVISIONS, IF ANY.

Case No:  13-10221-RLJ-13
Debtor(s):  **Earl Barton Green**

---

## SECTION II
## DEBTOR'S(S') CHAPTER 13 PLAN--GENERAL PROVISIONS
## FORM REVISED 12-15-07

**A.  SUBMISSION OF DISPOSABLE INCOME**

Debtor(s) hereby submits such portion of future earnings or other future income as herein provided to the supervision and control of the Trustee as necessary for the execution of the Plan as herein provided.

Debtor proposes to PAY TO THE TRUSTEE the Base Amount indicated in Section I, Part "A" hereof.  If applicable, cause exists for payment over a period of more than three (3) years.

If the Plan does not pay 100% to all creditors, the Base Amount shall not be less than the sum of the allowed administrative expenses plus the allowed priority and secured claims (with interest if applicable) plus the greater of the unsecured creditors' pool, or the 11 USC 1325(a)(4) amount (Best Interest Test).

Payment of any claim against the Debtor may be made from the property of the estate or property of the Debtor(s), as herein provided.

**B.  ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY FEES AND NOTICING FEES**

The Administrative Expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sec 105(a), 503(b), 1326(b)(2), and 28 U.S.C. Sec 586(e)(1)(B).  The Trustee's Fees & Expenses, not to exceed ten percent (10%) allowed pursuant to 28 U.S.C. Sec 586(e)(1)(B), shall be deducted from each payment.  Additionally, the Trustee is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof, pursuant to local rule.  No Trustee fee will be collected on Noticing Fees.

Debtor will pay in full all Domestic Support Obligations that are due before discharge, including section 507(a)(1) Priority claims due before the petition was filed, but only to the extent provided for in this Plan.

**C.  ATTORNEY FEES**

Debtor's(s') Attorney Fees totaling the amount indicated in Section I Part "C", shall be paid by the Trustee in the amount shown as "through Trustee", pursuant to this Plan and the Debtor's(s') Authorization for Adequate Protection Disbursements.

**D.  PRINCIPAL RESIDENCE ARREARAGES (HOME MORTGAGE)**

Arrearage on claims secured only by a security interest in the Debtor's(s') principal residence shall be paid by the Trustee in the allowed pre-petition arrearage amount, and at the Annual Percentage of interest indicated in Section I, Part "D" herein.  To the extent interest is provided, interest will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the Plan on the allowed pre-petition arrearage amount shall be reduced by the total of adequate protection paid less any interest (if applicable) made to the respective creditor by the Trustee.  Unless otherwise provided, post-petition payments may be paid "Direct" by Debtor(s), beginning with the first payment due after the 'ARR. THROUGH' date in Section I, Part "D".  Such creditors shall retain their liens.  To the extent an arrearage claim is allowed in an amount in excess of the Sched. Arr. Amt., the Debtor will promptly Modify the Plan to provide for full payment of the allowed amount, or for surrender of the collateral, at Debtor's election.  If Debtor elects to surrender the collateral, the creditor may retain all pre-surrender payments received pursuant hereto.

If pursuant to this Plan, the Debtor pays through the Trustee the Allowed pre-petition Home Mortgage Arrearage Claim Amount to any Mortgagee identified in paragraph "D" or its assignee(s), while timely making all required post-petition mortgage payments, upon discharge, the mortgage will thereupon be reinstated according to its original terms, extinguishing any right of the Mortgagee or its assignee(s) to recover any amount alleged to have arisen prior to the filing of the petition.

**E.(1)  SECURED CLAIMS TO BE PAID BY TRUSTEE**

The claims listed in Section I, Part "E(1)" shall be paid by the Trustee as "SECURED" to the extent of the lesser of the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s).  Any amount claimed in excess of the value shall automatically be "split" and treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a).  Such creditors shall retain their liens on the collateral described in Section I, Part "E(1)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than the Claim Amount, from the date of the Petition, up to the amount by which the claim is over-secured.  The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

Case No:     13-10221-RLJ-13
Debtor(s):   **Earl Barton Green**

___

### E.(2)(a)  SECURED SECTION 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN

Claims in Section I, Part "E(2)(a)" are either debts incurred within 910 days of the Petition date secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor or debts incurred within one year of the petition date secured by any other thing of value.

The claims listed in Section I, Part "E(2)(a)" shall be paid by the Trustee as "SECURED" to the extent of the "ALLOWED AMOUNT" (per timely filed Proof of Claim not objected to by a party in interest.)  Such creditors shall retain their liens on the collateral described in Section I, Part "E(2)(a)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of the Petition.  The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

### E.(2)(b)  SECURED SECTION 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--CRAM DOWN

The claims listed in Section I, Part "E(2)(b)" shall be paid by the Trustee as "SECURED" to the extent of the LESSER OF the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s).  Any amount claimed in excess of the value shall automatically be "split" and treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a).  Such creditors shall retain their liens on the collateral described in Section I, Part "E(2)(b)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than the Claim Amount, from the date of the Petition, up to the amount by which the claim is over-secured.

**IF THE "VALUE" SHOWN IN "E(2)(b)" ABOVE IS LESS THAN THE "SCHED. AMT." SHOWN, THE "ALLOWED AMOUNT" OF THE SECURED PORTION OF THE CLAIM SHALL NOT EXCEED THE "VALUE" DETERMINED AT CONFIRMATION.**

**IN THE EVENT THAT A CREDITOR OBJECTS TO THE TREATMENT PROPOSED IN THIS PARAGRAPH, THE DEBTOR RETAINS THE RIGHT TO SURRENDER THE COLLATERAL TO THE CREDITOR.  IF THE DEBTOR ELECTS TO SURRENDER THE COLLATERAL, THEN THE AUTOMATIC STAY WILL BE TERMINATED AS TO SUCH COLLATERAL UPON ENTRY OF THE ORDER CONFIRMING THE PLAN, UNLESS OTHERWISE ORDERED BY THE COURT.**

**ABSENT SUCH OBJECTION, THE CREDITOR SO LISTED IN "E.(2)(b)" SHALL BE DEEMED TO HAVE "ACCEPTED" THE PLAN PER SECTION 1325(a)(5)(A) OF THE BANKRUPTCY CODE AND WAIVED ITS RIGHTS UNDER SECTION 1325(a)(9).**

To the extent a secured claim NOT provided for in Section I Part "D", "E(1)" or "E(2)" is allowed by the Court, Debtor(s) will pay the claim 'DIRECT' per the contract unless otherwise Ordered by the Court.

Each secured claim shall constitute a separate class.

### F.    SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL

The claims listed in Section I, Part "F" shall be satisfied as 'SECURED' to the extent of the VALUE of the collateral, as shown, by SURRENDER of the collateral by the Debtor(s) on or before Confirmation.  Any amount claimed in excess of the value of the collateral as shown, to the extent it is allowed, shall be automatically "split" and treated as indicated in Section I, Part "H" or "J" per 11 U.S.C. Sec 506(a).

Each secured claim shall constitute a separate class.

### G.    DIRECT PAYMENTS BY DEBTOR(S)

All secured claims listed in Section I, Part "G" shall be paid 'DIRECT' by the Debtor(s) in accordance with the terms of their agreement, unless otherwise provided in Section IV.

Each secured claim shall constitute a separate class.

### H. PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS

All allowed claims (i.e., those for which a Proof of Claim is timely filed and not objected to by a party in interest) entitled to priority under Section 507(a) of the Bankruptcy Code, other than Section 507(a)(1) Domestic Support Obligations, will be paid in full (except as provided in Section 1322(a)(4)) in deferred installments, unless the holder of such claim agrees to a different treatment of such claim.  Failure to object to confirmation of this Plan shall not be deemed "acceptance" of the "SCHED AMT." shown in Section I Part "H" hereof.  The claims listed in Section I, Part "H" shall be paid their allowed amount by the Trustee in full as Priority without interest at the monthly amount indicated or pro rata.

Priority claims for taxes are unsecured and shall not accrue interest or penalty subsequent to the filing, and such interest or penalty as might otherwise accrue thereafter shall be discharged upon completion of the Plan.

### I. CLASSIFIED UNSECURED CLAIMS

Classified unsecured claims shall be treated as allowed by the Court.

### J. GENERAL UNSECURED CLAIMS TIMELY FILED

All other claims not otherwise provided for herein shall be designated general unsecured claims.  Payments, if any, to general unsecured claims will be on a pro rata basis.  All allowed general unsecured claims shall be paid in an amount under the Plan which is not less than the amount that would be paid on such claims if the estate of the Debtor(s) were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the Petition herein.

Any delinquencies under the Plan on allowed secured claims, allowed priority claims and allowed classified unsecured claims must be brought current before any payments are made on general unsecured claims.

General unsecured claims may be paid concurrently with secured, priority and special class unsecured claims so long as each secured, priority, and special class unsecured creditor is receiving not less than its monthly installment as provided herein.  Any delinquencies under the plan on all allowed secured claims, allowed priority claims and special class claims must be brought current before any payments are made to the general unsecured claims.

General unsecured claims totaling the amount indicated in Section I Part "J", shall be paid by the Trustee, a PRO RATA share of the unsecured creditors' pool estimated in Section I, Part "A" but not less than the amount indicated pursuant to Section 1325(a)(4) less allowed administrative and priority claims.

### K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As provided in Section 1322(b)(7) of the Bankruptcy Code, the Debtor(s) assumes or rejects the executory contracts or unexpired leases with the parties so indicated in Section I, Part "K".

Assumed lease and executory contract arrearage amounts shall be paid by the Trustee as indicated in Section I Part "K".

### L. CLAIMS TO BE PAID

See Section I, Part "L" of the Plan.

### M. ADDITIONAL PLAN PROVISIONS

The provisions set forth in Section IV are additional Plan provisions not otherwise referred to herein.

### N. POST-PETITION CLAIMS

Claims filed under Section 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, Debtor will modify this Plan.

### O. LATE FILED CLAIMS AND CLAIMS NOT FILED

Late filed unsecured claims on pre-petition debt shall be paid pro rata, only after all other timely filed unsecured claims are paid in full.  Such payment shall be before any payment on pre-petition non-pecuniary penalties.  Late filed claims on priority pre-petition claims shall be paid in full before any payment on late filed general unsecured pre-petition claims.  Late filed secured claims shall be paid in full before any payment on late filed priority claims.

A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I or on the AAPD.

___

**P.  CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES**

Any unsecured claim for non-pecuniary penalty, fines, forfeitures, multiple, exemplary or punitive damages, expressly including IRS penalty to date of petition on unsecured and/or priority claims, shall be paid only a pro rata share of any funds remaining after all other unsecured claims including late filed claims, shall have been paid in full.

**Q.  CLAIMS FOR POST-PETITION PENALTIES AND INTEREST**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.  BUSINESS CASE OPERATING REPORTS**

Upon confirmation, business debtors are no longer required to file operating reports with the Trustee, unless the Trustee requests otherwise.  However, a final operating report through the date of confirmation is required if operating reports were previously required.  Confirmation hereof shall terminate the Trustee's duties to investigate or monitor the debtor's business affairs, assets or liabilities.

**S.  NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRECONFIRMATION OPERATIONS**

The Trustee shall not be liable for any claim arising from the post-confirmation operation of Debtor's business.  Any claims against the Trustee arising from the pre-confirmation operation of the Debtor's business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation hereof, or be barred.

**T.  DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL**

Debtor(s) shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by Debtor(s), prior to discharge without order of the Court after notice to the Trustee and all creditors.  Upon conversion or dismissal of the case, the Trustee shall disburse all funds on hand in accordance with General Order 2007-02 and any amendments thereto.

**U.  ORDER OF PAYMENT**

All claims shown in Section I, will be paid in the following order from each disbursement, to the extent allowed after all filing fees have been paid in full:

- 1st --   Administrative Fees in "B"
- 2nd --   Specified monthly dollar amounts to secured creditors shown in "D" and "E"
- 3rd --   Debtor attorney fees shown in "C" until paid in full
- 4th --   Specified monthly dollar amounts shown in "H" (Priority - per month)
- 5th --   Specified monthly dollar amounts shown in "I" (Special Class - per month)
- 6th --   Pro-rata among claims in "J" other than "Late Filed" and "Penalty"
- 7th --   Pro-rata among claims shown as Priority "Late Filed" shown in "H"
- 8th --   Pro-rata among claims shown as Unsecured " Late Filed" shown in "J"
- 9th --   Pro-rata among claims shown as "Penalty" shown in "J".

___

### V.  TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE

Pursuant to General Order 2007-02, Paragraph 8, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor's counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and Notice of Hearing and Pre-Hearing Conference thereon.  The TRCC may be deemed in part to be an Objection to Claims.  Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC.  Unless an objection is timely filed as to the treatment of any claim, the claim will be allowed or approved only as described in the TRCC, and such treatment will be binding on all parties without further order of the court.  All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's Pre-Hearing Conference or give the Trustee prior written notice that a hearing is necessary.  To the extent secured and/or priority claims being paid through the Plan by the Trustee are allowed for amounts in excess of the amounts provided for in this Plan, the Debtor(s) will promptly modify the Plan to provide for full payment of the allowed amount.  After the TRCC becomes final, should the Plan then become infeasible and/or "insufficient", the Trustee shall be permitted to move the Court to dismiss the case for such reason.

### W.  UNFILED CLAIMS

A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I.

## SECTION III
## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. Sec 506(a) and § 1325(a)(5) and (9) for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the Plan, Debtor(s) hereby moves the Court to value the collateral described in Section I, Part "E(1)" and "E(2)(b)" and Part "F", as the LESSER of the value set forth therein, or any value claimed on the proof of claim.  **Any objection to valuation shall be filed at least five (5) business days prior to the date of the Trustee's pre-hearing conference regarding Confirmation, or be deemed waived.**

Case No: 13-10221-RLJ-13
Debtor(s): **Earl Barton Green**

---

## SECTION IV
## ADDITIONAL PLAN PROVISIONS

Additional (non-standard) Plan provisions, if any, CAPITALIZED, BOLD AND UNDERSCORED ARE AS FOLLOWS:

**Below Median Income Debtor(s) Plan**
**The applicable commitment period per §1325(b)(2) is 36 months. The plan is proposed less than 60 months, however plan term can be increased to maximum of 60 months, only to provide payment for any scheduled secured or priority claims filed and allowed in excess of scheduled amounts.**

**The secured and/or priority creditors' terms in the Plan and/or the debtor(s)' plan term may be extended out to the extent necessary to prevent an increase to the debtor(s)' plan payment, but the terms may not extend beyond 60 months.**

**Real Property Values**
**The value of the Real Property on this plan is in no way an admission of actual value. Real Property is fully valued on the plan for the purpose of avoidance of a bifurcated claim.**

**Debtor Attorney Fees**
**Section C. ATTORNEY FEES.**

**The secured creditors, if any, listed in Sections D, E(1), and E(2) of this plan will receive payments as set-out in the "Authorization for Adequate Protection Disbursements" until the attorney fees set-out in Section C are paid in full. Then said secured creditors will thereafter receive payments set-out in Sections D, E(1) and E(2).**

Respectfully submitted,          Case No.: **13-10221-RLJ-13**

**/s/ Monte J. White**
Monte J. White, Debtor's(s') Attorney

**00478532**
State Bar Number

- 11 -

Case No: 13-10221-RLJ-13
Debtor(s): **Earl Barton Green**

---

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION was served upon the following parties in interest electronically by the Clerk or by or under the direction of the undersigned by United States First Class Mail, postage paid, on the date indicated below:

    Walter O'Cheskey
    2575 S. Loop 289, Suite 103
    Lubbock, TX 79423


and all parties and creditors listed on the original mailing matrix and any amended mailing matrix.

Dated:   9/6/2013                                      **/s/ Monte J. White**
                                                                             **Monte J. White**

**Monte J. White & Associates, P.C.**
1106 Brook Ave
Hamilton Place
Wichita Falls TX  76301

Bar Number:   00478532
Phone:   (940) 723-0099

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**
Revised 11-1-05

| | |
|---|---|
| IN RE: | § |
| **Earl Barton Green** | § CASE NO:  **13-10221-RLJ-13** |
| | § |
| Debtor(s) | § |
| | § |

**AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS**    DATED: **9/6/2013**          .

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed in accordance with General Order 2005-05, as indicated below:

| | | |
|---|---:|---:|
| Periodic Payment Amount | | **$199.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $0.00 |
| Trustee Fee | $19.40 | $19.90 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $336.00 | $0.00 |
| **Subtotal Expenses/Fees** | **$360.40** | **$19.90** |
| Available for Adequate Protection, Attorney Fees and Undisputed Priority Claims: | **$0.00** | **$179.10** |

**SECURED CREDITORS:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---:|---:|---:|---:|
| 21st Mtg | 4013 Santa Barbara Dr. Abilene, T | $828.00 | $47,000.00 | 1.25% | $10.35 |
| | Total Adequate Protection Payments for Secured Creditors: | | | | **$10.35** |

**PRIORITY CREDITORS:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---:|---:|---:|---:|
| | Total Adequate Protection Payments for Priority Creditors: | | | | **$0.00** |

**SPECIAL CLASS CREDITORS:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---:|---:|---:|---:|
| | Total Adequate Protection Payments for Special Class Creditors: | | | | **$0.00** |

(H) **Earl Barton Green**　　　**AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS**　　　**Page 2**
(W)
(C#) **13-10221-RLJ-13**

|  |  |
|---|---:|
| Total Adequate Protection Payments: | **$10.35** |
| Funds Available For Debtor's Attorney First Disbursement: | **$0.00** |
| Funds Available For Debtor's Attorney Future Disbursements: | **$168.75** |
| Available For Secured Creditors as Authorized by the Plan: | **$179.10**\*\* |

DATED:__**9/6/2013**_____

_/s/ Monte J. White_____　　　　　_____
Attorney for Debtor(s)　　　　　　　　　　　　　　　Trustee, Attorney for Trustee or Trustee's Representative

---

\*\* Amount is based on the plan payment scheduled on the month following the month when the attorney fees are paid in full.
*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

21st Mtg
Attn: Legal
P.O. Box 477
Knoxville, TN 37901

Captial One
P. O. Box 60000
Seattle, WA 98190

Clinical Pathology Associates
1818 Pine St.
Abilene, TX 79601

Abilene Diagnostic Clinic
4400 Buffalo Gap Rd #2500
Abilene, Texas 79606-2751

Carl E. Oberheim
1138 Market Street
Lewisburg, PA 17837

CompuServe
P.O. Box 28650
Jacksonville, FL 32226-8650

Abilene Minor Emergency Clinic
3101 S. 27th Street
Abilene, Texas 79605

Cash Net USA
P.O. Box 06230
Chicago, Il 60606-0230

Computer Credit, Inc.
P.O. Box 5238
Winston Salem, NC 27113-5238

Abilene Regional Medical Center
6250 Hwy 83-84 at Antilley Road
Abilene, TX 79606

Check-N-Go
4379 S. 1st. St.
Abilene, TX 79605

Conseco Finance Servicing Corp.
PO Box 79021
City of Industry, CA 91716-9021

Acceleron Financial
4650 Regent
Irving, Texas 75063

Cingular Wireless
PO Box 650553
Dallas, Texas 75265-0553

Department of Transportation
Collections Unit
550 Capitol St. NE
Salem, OR 97301-2530

Account Services
1802 NE Loop 410, Suite 400
San Antonio, TX 78217-5298

Citi Capital
4650 Regent Blvd Suite 200
Irving, TX 75063

Direct TV
PO Box 70014
Boise ID 83707-0114

Ace Cash Express, Inc.
1231 Greenway Drive
Suite 700
Irving, TX 75038

CitiCapital Commercial Corporat
P.O. Box 168647
Irving, Texas 75018

ER Solutions, Inc.
P.O. Box 9004
Renton, WA 98057

Ad Astra Rec
8918 W 21st St. N Suite 200
Mailbox: 112
Wichita, KS 67205

Citifinancial
PO Box 222178
Charlotte, NC 28222-2178

FedEx
PO Box 1140
Memphis, TN 38101-1140

Allen M. Rosenthal
Attorney At Law
550 Old Country Rd, Suite 201
Hicksville, NY 11801

Citifinancial
4147 N. 1st
Abilene, TX 79603-6719

First American Bank Texs
PO Box 9120
Bryan, TX  77805-9120

Associates Commercial
6230 N Belt Line Rd Ste
Irving, TX 75063

City of Abilene Water Utility S
534 Cypress
PO Box 3479
Abilene, Texas 79604-3479

First National Bank - Killeen
PO Box 937
Killeen, TX 76540-0937

Case 13-10221-rlj13 Doc 12 Filed 09/06/13 Entered 09/06/13 09:27:10 Page 16 of 17
Debtor(s): **Earl Barton Green**    Case No: **13-10221-RLJ-13**    **NORTHERN DISTRICT OF TEXAS**
Chapter: **13**    **ABILENE DIVISION**

```
First Premier Bank              Kansas Counselors Of K          Michael Reed
601 S Minnesota Ave             Po Box 14765                    McCreary Veselka, Bragg & Allen
Sioux Falls, SD 57104           Shawnee Mission, KS 66285       PO Box 26990
                                                                Austin, TX  78755-0990


GC Services Limited Partnership Larry Hanna & Associates        NCP Finance Limited Partnership
Collection Agency Division      PO Box 669728                   100 East Third Street, 5th Floor
6330 Gulfton                    Marietta, GA 30066              Dayton, OH 45402
Houston, Texas 77081


Great Sky Cash                  LaSalle Bank                    NCS Corp
P.O. Box 1526                   4901 W. Irving Park Road        PO Box 1787
Wilmington, DE 19807            Chicago, IL 60641               Longview, WA 98632


Hei Car, Inc                    Law Offices of B. Bruce Johnson Orchard Bank
2047 Rigsby                     550 LBJ Finanical Center        PO Box 80084
San Antonio, Texas 78210        5550 LBJ Freeway                Salinas, CA  93912-0084
                                Dallas, TX  75240-1414


Hendrick Health System          Little Loan Shop                OSI Collection Services, Inc.
1242 North 19th Street          1801 W. Broadway, Ste 201       PO Box 6110
Abilene, Texas 79601-2316       Spokane, WA 99201               Westerville, OH 43086-6110


Hendrick Medical Center         Loan Point                      Payday Loan
Collection Department           2207 Concord Pike               P.O. Box 101842
1900 Pine Street                Wilmington, DE 19803            Fort Worth, TX 76185
Abilene, Texas 79601


Hsbc Nv                         Loan Point USA                  PrePass
1441 Schilling Pl               1702 W. Broadway                40 N. Central Avenue, Suite 220
Salinas, CA 93901               Spokane, WA 99201               Phoenix, AZ 85004


IRS Special Procedures          Loan Shop                       Radiology Assoicates of Abilene
Mail Code 5020-DAL              2207 Concord Pike #250          PO Box 2898
1100 Commerce St, Room 9B8      Wilmington, DE 19807            Abilene, TX  79604
Dallas, TX  75242


ISF Texas LLC                   Medical Debt Management, Inc.   Reader's Digest
201 E. Abram St.                PO Box 814367                   PO Box 7823
Arlington, TX 76010             Dallas, Texas 75381             Red Oak IA 51591


Johnson & Silver, LLP           Medical Revenue Services        Risk Management Alternatives, In
550 LBJ Financial Center        PO Box 1149                     1285 Fern Ridge Parkway Suite 2
5550 LBJ Freeway                Sebring, FL 33871               St Louis, MO 63141
Dallas, TX 75240-6621
```

SBC
PO Box 4845
Houston, TX 77097-0080

The CBE Group, Inc.
P.O. Box 2635
Waterloo, IA 50704-2635

Security Fianance I, LTD.
4201 North 1st Str.
Abilene, Texas 79603

The Chaparal
610 S. Leggett
Abilene, TX 79605

Southwestern Bell
Collections Division
PO Box 90245
Arlington, TX 76004

TRS Recovery Services, Inc.
PO Box 17170
Denver. CO 80217-0170

Speedy Cash
8400 E. 32nd St. N
Wichita, KS 67226

Txu Electric/TXU Energy
Attention: Bankruptcy
PO Box 650393
Dallas, TX 75265

Sprint
P.O. Box 650270
Dallas, Texas 75265-0270

United Cash Loans
Attn: Collection
2533 N Carson Street, Suite 502
Carson City, NV 89706

Stone and Asscociates
PO Box 641
Hillsdale, MI 49242-0641

Verizon Wireless
PO Box 773600
Houston, TX 77215-3600

Taylor Co. Central Appraisal Di
1534 South Treadaway Blvd
Abilene, TX 79601

Viva Lemons
PO Box 474
Spencer, TN 38585

Texas Loan Corporation
690 E Lamar Blvd Suite 575
Arlington, TX 76011

West Central TX Collections
PO Box 2586
Abilene, TX 79604

Texas Midwest EM Physicians
PO Box 676240
Dallas, Texas 75267-6240

WTU Retail Energy
PO Box 21588
Tulsa, OK 74121-1588

The Cash Store
4245 Southwest Dr.
Abilene, TX 79606